UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| EASYREST, INC. D/B/A STROBEL MANUFACTURING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 4:06-cv-2-SEB-WGH |
| FUTURE FOAM, INC., | ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Future Foam, Inc.'s Motion for Summary Judgment, filed March 23, 2007. (Docket No. 48-51). Plaintiff Easyrest, Inc. d/b/a Strobel Manufacturing filed its Response (Docket No. 63) and was given an additional period of time to supplement that response on or before August 25, 2007, by virtue of the Magistrate Judge's order reflected at Docket No. 65. However, no supplemental response was received.

### Findings of Fact

Easyrest, Inc. d/b/a Strobel Manufacturing ("Easyrest") does not contest the proposed Findings of Fact submitted by Defendant, Future Foam, Inc. ("Future Foam") (pages 2 through 22 of the supporting brief); therefore, we hereby adopt Findings of Fact 1 through 106 and regard them as settled facts.

The dispute between the parties arose from a business relationship that began in 1998. Easyrest manufactures mattresses utilizing material supplied by Future Foam. Beginning in 1998, Easyrest tested and accepted all Future Foam products as delivered (Strobel Dep. I, pp. 68, 70) and incorporated them in the mattresses it manufactured. At some point, Easyrest began receiving complaints from its customers which required it ultimately to replace "thousands" of the mattresses. Easyrest began retaining samples of the material returned by the dissatisfied customers and, in August 2005, Easyrest informed Future Foam that Future Foam's material was defective. Easyrest thereafter ceased payments on Future Foam invoices. In early 2006, Easyrest filed this lawsuit alleging breaches of an express warranty, of the implied warranty of merchantability, and of the warranty of fitness for a particular purposes by Future Foam. In response, Future Foam filed a counterclaim seeking to collect the balance due on the invoices which remain unpaid by Easyrest.

## Conclusions of Law

*Easyrest's claim for breach of express warranty:*

1. To prove a breach of express warranty pursuant to I.C. 26-1-2-313(1), the evidence must establish the following elements: (1) an affirmation of fact or promise; (2) that relates to the goods; and (3) becomes part of the basis of the bargain between the parties.

2. Future Foam never extended a written warranty regarding the materials it supplied to Easyrest. (Finding of Fact 36).

    3. The only statements by Future Foam alleged to have given rise to warranties were that the foam was of "good quality" and that the manufacturer would "stand behind its foam." (Findings of Fact 37, 38). However, statements reflecting the seller's opinion or commendation of the goods do not create a warranty as a matter of law, pursuant to I.C. 26-1-2-213(2).

    4. Future Foam's statements reflect only its opinion as to its product and the company's trustworthiness. Accordingly, Easyrest has failed to establish a claim of breach of express warranty by Future Foam.

*Easyrest's claim for breach of implied warranty of merchantability:*

    5. To prove its claim of breach of an implied warranty of merchantability, Easyrest must have evidence to prove that, with regard to this product: (1) there is a standard in the trade; and (2) the foam did not conform to said standard under I.C. 26-1-2-607(4).

    6. To be merchantable, goods must "conform to ordinary standards, and be of the same average grade, quality and value as similar goods sold under similar circumstances." *Royal Business Machines v. Lorraine Corp.,* 633 F.2d 34 (7th Cir. 1980). As reflected in Findings of Fact 71, 72 and 73, there is no industry standard regarding the acceptable or required density of visco-elastic foam, the essential ingredient in Future Foam's product which it supplied to Easyrest.

     7. In addition, Easyrest has failed to adduce any evidence to establish that the foam failed to meet any controlling standard which might otherwise apply here because such a determination requires testing by qualified experts applying laboratory techniques (Finding of Fact 23) and no such testing occurred here.  Further, based on the few samples of foam retained by Easyrest, it would be impossible for testing to establish conclusively whether the product was defective.  (Findings of Fact 30-32).

     8. Therefore, Easyrest's claim of a breach of an implied warranty of merchantability cannot succeed.

***Easyrest's claim for breach of implied warranty of fitness for a particular purpose:***

     9. An implied warranty of fitness for a particular purpose arises when the buyer is "relying on the seller's skill or judgment to select or furnish goods which are suitable for the buyer's purposes."  I.C. 26-1-2-315.

     10. Based on Findings of Fact 40, 41, 46, 47, 48 and 49, Easyrest itself selected the particular type of foam it utilized in its mattresses based on its own skill, judgment and testing, and there is no evidence before the Court that it relied upon the representations of Future Foam to determine whether the particular type of foam used was suitable for its intended purpose.

     11. Thus, again, Easyrest's implied warranty of fitness for a particular purpose claim fails as a matter of law.

*Future Foam's Counterclaim:*

12. Through its counterclaim, Future Foam seeks payment from Easyrest in the amount of Seventy-three Thousand Seven Hundred Eighty-three Dollars and Twenty-seven Cents ($73,783.27), plus interest, the balance due on unpaid invoices for foam it sold to Easyrest during the Spring and Summer of 2005.

13. Easyrest admits that it received the foam, used it and received invoices from Future Foam and that it did not thereafter take any steps to reject the foam. Easyrest further admits that it does in fact owe Future Foam the sum of Seventy-three Thousand Seven Hundred Eighty-three Dollars and Twenty-seven Cents ($73,783.27), plus interest, for these purchases.

14. There being no set-off to the debt owed by Easyrest to Future Foam based on the alleged breaches of warranty and given our findings and conclusions that Future Foam's Counterclaim is meritorious, Judgment shall enter in favor of Future Foam and against Easyrest in the amount claimed, plus interest and costs.

## Conclusion

In conclusion, Defendant Future Foam, Inc.'s Motion for Summary Judgment against Plaintiff Easyrest is **GRANTED.** Judgment shall enter in favor of Future Foam on the claims against it in the Complaint as well as on its Counterclaim whereby Easyrest must pay Future

-6-

Foam the amount of Seventy-three Thousand Seven Hundred Eighty-three Dollars and Twenty-seven Cents ($73,783.27), plus interest and costs.[1]

IT IS SO ORDERED.

Date: 09/12/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Electronic copies to:**

Josephine K. Benkers
QUARLES & BRADY LLP
jbenkers@quarles.com

\

Hamish S. Cohen
BARNES & THORNBURG LLP
hamish.cohen@btlaw.com

Joshua B. Fleming
LOCKE REYNOLDS LLP
jfleming@locke.com

Stephen W. Voelker
VOELKER LAW OFFICE
klvswv@aol.com

---

[1] Future Foam's Motion to Dismiss as a Discovery Sanction (Docket No. 41) is denied as moot.