UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| EASYREST, INC. D/B/A STROBEL MANUFACTURING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 4:06-cv-2-SEB-WGH ) |
| FUTURE FOAM, INC., | ) ) ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION ON DEFENDANT FUTURE FOAM,
INC.'S MOTION TO AMEND THE JUDGMENT TO
REFLECT THE PREJUDGMENT INTEREST DUE**

On November 7, 2007, District Judge Sarah Evans Barker directed this

Magistrate Judge to prepare a report and recommendation with respect to

Defendant Future Foam, Inc.'s Motion to Amend the Judgment to Reflect the

Prejudgment Interest Due.  (Docket No. 70).  She directed that this Magistrate

Judge conduct a hearing on December 19, 2007, and make findings of fact with

respect to this order, and recommend to her the appropriate resolution of the

motion.

The Magistrate Judge conducted the hearing on December 19, 2007.

Defendant, Future Foam, Inc. ("Future Foam"), appeared by attorney Joshua B.

Fleming and produced the testimony of Bonnie Baker, along with the

Declarations of Ms. Baker which were stipulated by the Plaintiff, Easyrest, Inc.,

d/b/a Strobel Manufacturing ("Strobel"), to be used as her testimony in this

matter.  Strobel presented the evidence of Mark Strobel and asked that the Court

take judicial notice of certain alleged admissions found at page 3 of Future

Foam's brief in support of its Motion for Summary Judgment.  (Docket 49).

## Findings of Fact

The Magistrate Judge, being duly advised, makes the following findings of

fact:

1.  Future Foam contends that it is entitled to prejudgment interest in this

case based upon the language of a credit application attached to the Affidavit of

Tina M. Kincaid as Exhibit 1.

2.  The language on that form includes the following:

> I/We do hereby agree to comply with credit terms set forth by Future
> Foam as stated on the reverse of this form.
>
> I/We acknowledge that service charges equal to the Lesser of 1½%
> per month or the maximum legal rate can be charged 1 day from the
> date the invoice becomes due and payable, and a loss of "open
> account" status is automatic after an invoice is unpaid 45 days from
> the date the invoice becomes due and payable.
>
> * * * * *
>
> By signing the Credit Application the signer agrees to the terms and
> conditions set forth.

Any "credit terms" set forth by Future Foam as stated on the reverse of the form

have not been provided to the Court.

3.  The Credit Application upon which Future Foam relies was faxed to

"Strobel Technologies" on November 13, 1997, according to the data (which

appears to be a facsimile transmission notation) on the Credit Application.

4.  Later in the day on November 13, 1997, an administrative assistant at "Strobel Technologies" faxed the form, which had been completed in part but not signed, back to Future Foam.

5.  Mark Strobel did not sign the Credit Application.

6.  After the partially filled out and unsigned facsimile copy of the Credit Application was received by Future Foam, Ms. Baker signed Mark Strobel's name to the instrument so that she could note the contact person for future reference. She did not, however, have any authorization by any person at Strobel to sign Mr. Strobel's name to the Credit Application.

7.  The parties entered into a course of dealing that lasted nearly eight years.  However, there is no specific information before the Court showing that the parties' course of performance included a particular interest rate that was actually applied to delinquent payments.

8.  Four invoices were entered into evidence for the Court to consider. None of those invoices specifically states that a particular rate of interest was charged for delinquent payments.

### Conclusions of Law

The Magistrate Judge concludes that other than the conclusory statement by Bonnie Baker that the parties ordered "according to these terms," there is no evidence that any person from Strobel signed any document agreeing to pay interest at a particular rate.  The invoices introduced into evidence do not establish that the parties actually entered into a course of dealings by charging

any specific rate of interest on delinquent payments.  The Magistrate Judge, therefore, concludes that Future Foam has failed to establish that the parties reached a mutual agreement reflected by an executed document to pay 1½% interest per month on delinquent payments.  Neither has the evidence tendered by Future Foam established a course of dealings in that regard.

Under Indiana law, prejudgment interest is to be awarded where the amount of damages was fixed and ascertainable.  See *Simmons, Inc. v. Pinkerton's, Inc.,* 762 F.2d 591 (7th Cir. 1985)(applying Indiana law).  Under Ind. Code 24-4.6-1-103, unless a different rate is specified by contract, prejudgment interest is awardable at a rate of Eight Percent (8%) per annum from the time payment was due until judgment is entered.

In this case, where Future Foam has not established that the parties reached an agreement or meeting of the minds to some other rate, the rate of Eight Percent (8%) per annum is the appropriate prejudgment interest rate to apply to this Judgment.

The correct calculation for prejudgment interest at Eight Percent (8%) per annum in this case is Twelve Thousand One Hundred Seventy Dollars and Twenty-two Cents ($12,170.22).

## Recommendation of the Magistrate Judge

The Magistrate Judge recommends that the judgment in this case be amended to allow for prejudgment interest in the amount of Twelve Thousand One Hundred Seventy Dollars and Twenty-two Cents ($12,170.22).  Future

Foam's counsel is directed to submit a proposed amended judgment entry reflecting the prior judgment amount and the additional amount of judgment in the amount of Twelve Thousand One Hundred Seventy Dollars and Twenty-two Cents ($12,170.22) within ten (10) days of the date of this recommendation.

Pursuant to 28 U.S.C. § 636, any objections to this Report and Recommendation shall be filed, in writing, within ten (10) days of the date of this Report and Recommendation.

**SO RECOMMENDED.**

**Dated:**  January 10, 2008

               WILLIAM G. HUSSMANN, JR.
                  Magistrate Judge

**Electronic copies to:**

Josephine K. Benkers
QUARLES & BRADY LLP
jbenkers@quarles.com

Hamish S. Cohen
BARNES & THORNBURG LLP
hamish.cohen@btlaw.com

Joshua B. Fleming
LOCKE REYNOLDS LLP
jfleming@locke.com

Stephen W. Voelker
VOELKER LAW OFFICE
klvswv@aol.com